ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ           1412
DELLA A. BELATTI        7945
GINA SZETO-WONG         10515
JONATHAN M.F. LOO       10874
KEVIN A. YOLKEN         10987

820 Mililani Street, Suite 502
Honolulu, Hawaii 96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608
E-mail(s):  eseitzatty@yahoo.com
            daubelatti@yahoo.com
            szetogina@gmail.com
            jloo33138@yahoo.com
            kevinyolken@gmail.com

Attorneys for Plaintiff
CYNTHIA AKASAKI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CYNTHIA AKASAKI,<br><br>      Plaintiff,<br><br>vs.<br><br>HAWAII PACIFIC HEALTH;<br>DOES 1-10,<br><br>      Defendants. | Civil No. 21-00168<br><br>COMPLAINT; DEMAND FOR JURY TRIAL |

# **COMPLAINT**

Plaintiff Cynthia Akasaki, by and through her undersigned attorneys, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Cynthia Akasaki [hereinafter "Plaintiff"] is a hearing impaired individual who relies on auxiliary aids and services including, *inter alia*, a service dog, accessible electronic and information technologies, and other effective methods of making audio-delivered materials available to persons who are hearing-impaired in order to independently access goods and services.

2. When Plaintiff visited her mother, who was at the Straub Medical Center ("Straub") after emergency surgery, Defendants' employees and representatives requested Plaintiff leave due to the presence of her guide dog and only allowed Plaintiff on to Defendants' premises with her dog after requiring Plaintiff to leave a personal document at the front desk and fill out multiple forms.

3. When Plaintiff visited the Defendant's Kailua Clinic ("Kailua") to obtain medical treatment with the assistance of her service dog. Plaintiff similarly was denied access with her service dog until she complied with the sign-in requests.

4. While receiving medical treatment and care at Hawaii Pacific Health facilities, the Defendants discriminated against Plaintiff by failing and/or refusing to provide auxiliary aids and services and by denying Plaintiff's right to have her service dog accompany her.

5. Because Hawaii Pacific Health is a public accommodation receiving

federal funding, the Defendants are required by applicable laws to provide Plaintiff the full benefits of their health care services—all benefits afforded to nondisabled individuals—thereby protecting Plaintiff from any sense of isolation and/or stigma Plaintiff associated with her disability.

6. Defendants have demonstrated through their interactions with Plaintiff that they have adopted a policy and/or pattern and practice of refusing to provide accessible healthcare services to Plaintiff and other disabled or impaired persons based solely upon financial and/or other impermissible considerations, and their employees are not properly trained regarding the civil rights, communication needs, or appropriate forms of interaction with hearing-impaired individuals.

7. The Defendants' discriminatory acts and omissions send a clear message that it is acceptable for medical providers to adopt policies, procedures, and practices that deprive Plaintiff and other hearing-impaired individuals the opportunity to be a full partners in their receipt of health care services.

8. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory damages, and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973, <u>inter alia</u>.

## PARTIES

9. Plaintiff Cynthia Akasaki was, at all relevant times hereto, a resident of Honolulu, Hawaii. Plaintiff has a hearing impairment that has rendered her with profound deafness in both ears.

10. Despite her impairment, Plaintiff relies upon her guide dog to live and function as effectively and independently as possible.

11. Plaintiff is a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101, *et seq*., and the Rehabilitation Act.

12. Defendant Hawaii Pacific Health [hereinafter "HPH"] is and has been a Hawaii corporation, doing business in Hawaii, at all times relevant hereto. Defendant HPH owns and operates hospitals, clinics, and other medical treatment facilities in Honolulu, Hawaii, including both the Straub Medical Center and Kailua Clinic.

13. Plaintiff is informed and believes, and thereupon alleges, Defendant HPH's health care facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(G), and that HPH is a recipient of federal financial assistance thereby subject to the requirements of both the ADA and the Rehabilitation Act.

14. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Does 1 through 10, are

unknown to Plaintiff at this time. Plaintiff will amend this Complaint to allege their true names and capacities when known. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint.

15. Plaintiff alleges Defendants, including Doe Defendants, and each of them at all times mentioned in this Complaint were the alter egos, agents and/or employees and/or employers of their Co-Defendants and in doing the things alleged in this Complaint were acting within the course of such agency and/or employment and with the permission and consent of their Co-Defendants.

## JURISDICTION AND VENUE

16. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 2201 for Plaintiff's claims arising under federal law.

17. Venue is proper under 28 U.S.C. § 1391(a) and (b)(2) because Defendant is subject to personal jurisdiction in this District as Defendant does substantial business in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District.

## FACTUAL BACKGROUND

18. On December 4, 2018, when Plaintiff visited Defendant's Straub Medical Center located at 888 South King Street in Honolulu, Hawaii, and

5

attempted to independently access the medical center with the assistance of her service dog Plaintiff was denied full and equal access due to her disability.

19. During a visit to the medical center, Plaintiff was made to wait in the hallway and fill out multiple sign-in sheets before being allowed access with the service dog. Plaintiff then was required to leave her license at the front desk, which she did, to gain admittance to the hospital. Importantly, these requests were only made due to the presence of the service dog.

20. On April 3, 2019, when Plaintiff visited the Kailua Clinic and attempted to independently access the medical facility with the assistance of her service dog. Plaintiff was denied access with her service dog until she complied with special sign-in requirements.

21. Plaintiff was not offered any accommodation for her hearing disability or accommodations for her service dog.

22. As a result of Defendants' failures to ensure effective communications with Plaintiff and denial of auxiliary aids and services, Plaintiff received services that were objectively substandard, inaccessible, and inferior to those provided to patients without hearing impairment and Plaintiff thereby was subjected to discriminatory treatment because of her disability.

23. Despite the aforementioned difficulty, frustration, and unequal treatment, Plaintiff will be compelled to seek future health care services at the

Defendants' facilities due to the convenience of the location and her medical insurance coverage.

24.  As a direct and proximate result of the foregoing Plaintiff has been denied full and equal access to Defendant's facilities and full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages, or accommodations.

25.  As a direct and proximate result of the foregoing, Plaintiff has been denied equal participation in her medical treatment and care and has been treated unequally by the Defendants' failure to provide effective and accessible auxiliary aids or services that protect Plaintiff's privacy and independence.

26.  If Defendants' facility were accessible, i.e., if Defendants remediated the access barriers described above, Plaintiff could independently and privately utilize Defendants' health care services and meaningfully participate in her health care treatment.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE ADA, TITLE III
### [42 U.S.C. §§ 12101 et seq.]

27.  Plaintiff restates and incorporates each and every allegation set forth in paragraphs 1 through 26, above.

28.  At all times relevant to this action, Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*, was in full force and effect

and applied to the Defendants' alleged acts and/or omissions.

29. At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendants' alleged acts and/or omissions.

30. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities due to her impaired hearing and is an individual with a disability as defined under the ADA, 42 U.S.C. § 12102(2).

31. Defendant HPH owns, leases, and/or operates a comprehensive system for health care services, including numerous emergency and specialty services, which are places of public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(F).

32. Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations." 42 U.S.C. § 12182(a).

33. Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A); 28 C.F.R. §§ 36.202.

34. Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

35. Defendants discriminated against Plaintiff on the basis of her disability by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its places of public accommodation, and equal opportunity to participate in and benefit from Defendants' health care services, in violation of the ADA.

36. As set out above, absent injunctive relief there is a clear risk that Defendants' actions will recur whenever Plaintiff seeks Defendants' health care services.

37. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1) and/or common law.

## SECOND CAUSE OF ACTION
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
### (Against all Defendants)

38. Plaintiff restates and incorporates each and every allegation set forth in paragraphs 1 through 37, above.

39. Plaintiff is an individual with a disability protected by Section 504 of the Rehabilitation Act. See 29 U.S.C. § 794(a); 45 C.F.R. § 84.3(j).

40. Defendant HPH is a recipient of federal financial assistance from the Department of Health and Human Services and is subject to Section 504 of the Rehabilitation Act and its implementing regulations. See 29 U.S.C. § 794; 45 C.F.R. § 84.3(h).

41. Section 504 of the Rehabilitation Act provides that no qualified individual with a disability shall be subjected to disability-based discrimination under any program or activity receiving federal financial assistance. 29 U.S.C. § 794(a).

42. Discrimination includes failing to "[a]fford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others," or providing qualified handicapped persons with "an aid, benefit, or service that is not as effective as that provided to others." 45 C.F.R. § 84.4(b)(1)(ii)-(iii); see 45 C.F.R. § 84.52(a)(2)-(3).

43. Section 504 requires health programs or activities that receive federal financial assistance and that have at least 15 employees to provide auxiliary aids and services, to individuals who are mobility-disabled and use wheelchairs. 45 C.F.R. § 84.52(b), (d).

44. A recipient may not directly or through contractual, licensing, or other arrangements discriminate on the basis of disability. 45 C.F.R. § 84.4(b)(1).

45. Defendant HPH's provision of health care constitutes a program or activity receiving federal financial assistance and, as a recipient, it is required to ensure that both Defendant HPH and its contractors comply with Section 504 of the Rehabilitation Act.

46. Defendant HPH has failed and is failing to meet its obligation to provide Plaintiff an equal opportunity to use and benefit from its health care programs and activities.

47. In failing to provide Plaintiff with accessibility, Defendant HPH has refused to provide the auxiliary aids and services necessary for Plaintiff to access and obtain medical treatment in an equally effective and timely manner that protects her privacy and independence.

48. Because Plaintiff could not independently access Defendant HPH's medical facility without her service dog, she was required to take extra steps to be accommodated with her dog thereby impermissibly burdening the process of

seeking and obtaining needed care and placing her medical needs and health at risk.

49. As a result of Defendants' acts and omissions, and absent proper accommodations, Plaintiff has suffered and will continue to suffer irreparable harm from discrimination and unequal access to Defendants' health care services and facilities.

50. Defendants' failure to meet their obligations to communicate with Plaintiff in an effective manner constitute an ongoing and continuous violation of the ADA and the Rehabilitation Act and their implementing regulations.

51. Unless restrained from doing so, Defendants will continue to violate the ADA and the Rehabilitation Act and to inflict injuries for which Plaintiff has no adequate remedy at law.

52. Defendants' refusal to accommodate Plaintiff in an effective manner was done so knowingly, deliberately, intentionally, or with deliberate indifference to the protected rights of Plaintiff thereby causing the injuries complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. The entry of a Judgment declaring that Defendants' policies, procedures, and services are discriminatory and violate the ADA and the Rehabilitation Act;

B. Interim and permanent injunctive relief requiring Defendants to make the identified medical facility locations to accessible to and usable by individuals with disabilities to the extent required by the ADA and the Rehabilitation Act.

C. Interim and permanent injunctive relief requiring Defendants to evaluate their policies, practices, and procedures to address and remedy any and all unreasonable discriminatory and/or burdensome affecting persons with disabilities and to ensure that persons with disabilities are no longer excluded, denied services, segregated, or otherwise treated differently and discriminated against.

D. Compensatory damages for the intentional discrimination, humiliation, distress, and anxiety suffered by Plaintiff, pursuant to Section 504 of the Rehabilitation Act.

E. An award of reasonable attorneys' fees, expert fees, costs, and expenses to Plaintiff;

F. Such other and further relief as the Court deems necessary, just, and proper.

Dated:  Honolulu, Hawaii  March 31, 2021.

/s/ Eric A. Seitz
ERIC A. SEITZ
DELLA A. BELATTI
GINA SZETO-WONG
JONATHAN M.F. LOO
KEVIN A. YOLKEN

Attorneys for Plaintiff
CYNTHIA AKASAKI